### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

|  |  |
|---|---|
| JEFFREY LEE HAWKINS, | ) |
| Petitioner, | ) |
| vs. | ) Case Number:  4:14-cv-00587-LSC-JHE |
| WARDEN CARTER, et al., | ) |
| Respondent. | ) |

### **MEMORANDUM OPINION**

Jeffrey Lee Hawkins ("Hawkins") is presently confined at the Decatur Work Release Facility in Decatur, Alabama.  Although Hawkins has styled this case as a petition for a writ of habeas corpus, the claims and requested relief are congruent with an action pursuant to 42 U.S.C. § 1983 for deprivation of constitutional rights because Hawkins contends property was taken from him in violation of the United States Constitution while in state custody. (Doc. 1 at 7).[1]

On April 3, 2014, the magistrate judge ordered Hawkins to show cause as to why his case should not be reclassified under 42 U.S.C. § 1983. (Doc. 2).  On April 14, 2014, Hawkins filed his response, stating his wish to proceed with this case as a petition for habeas corpus and

---

[1] In his petition, filed March 31, 2014, Hawkins charged that his property was taken illegally during a forfeiture hearing at "the county jail," which violated his due process rights. (Doc. 1 at 7).  He further alleges he filed several motions to have the property returned and his mother received "a hearing" on the return of family heirlooms but was denied.  (*Id.*) Commander Clifton of the Cherokee County Narcotics Unit allegedly coerced Hawkins's mother into filing a motion for return of five guns that had belonged to Hawkins's father instead of the twelve she had originally requested and to which, Hawkins asserts, she was entitled.  (*Id.*) Commander Clifton also allegedly wrote a letter to the judge on behalf of Hawkins's mother to have the five guns returned.  (*Id.*)  However, he also asserts that two of the guns were his and the circuit court disregarded the law in giving his property away.  (*Id.*)  He concludes that he "can prove if given the chance . . . that [his] property and [his] family's property was taken illegally and [their] constitutional [rights] were violated in the process."  (*Id.*)

asserting that it should not be reclassified under 42 U.S.C. § 1983. (Doc. 3).  He argued the taking of his property was not while he was incarcerated, but on the day of the arrest, and Alabama and federal law are clear that the narcotics agents and Circuit Court of Cherokee County did not have jurisdiction to do what that they did, citing the Alabama controlled substances forfeiture statute at Ala. Code § 20-2-93. (*Id.*)

The law of habeas corpus is also clear.  A court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254 (emphasis added).  A § 1983 claim, on the other hand, creates a civil action for the deprivation of rights under federal law and the U.S. Constitution by those who are acting under color of law, which will support a claim for damages or injunctive relief. *See* 42 U.S.C. § 1983.

Hawkins does not assert he is in custody in violation of the law but that his property was taken in violation of federal and state law.  The claim he alleges is one under 42 U.S.C. § 1983 and not 28 U.S.C. § 2254.  Hawkins has failed to show cause why his claim should not be reclassified under 42 U.S.C. § 1983 and has refused to file an amended complaint with a filing fee or an application to proceed *in forma pauperis*; therefore, his petition is due to be DISMISSED without prejudice.  A separate order will be entered.

Done this 18th day of April 2014.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
[160704]